IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Angel Abel Guzman, #18674-171, | C/A No. 8:13-2200-TMC-JDA |
| Petitioner, | |
| vs. | REPORT AND RECOMMENDATION |
| Warden Steve Mora; ~~Associate Warden Pitt;~~ ~~Associate Warden Robinson~~, | |
| Respondent. | |

Angel Abel Guzman ("Petitioner"), proceeding *pro se*, brings this habeas corpus action pursuant to 28 U.S.C. § 2241. Plaintiff is a prisoner incarcerated at FCI-Estill, in Estill, South Carolina, and he seeks release from custody. Plaintiff is proceeding *in forma pauperis*. The Petition is subject to summary dismissal.

Background

Petitioner alleges that he was convicted by guilty plea in this Court of violating a federal drug law, and he received a 108-month sentence. Petition [Doc. 1]. He alleges he filed a direct appeal, and on December 8, 2011, the Fourth Circuit Court of Appeals dismissed in part and affirmed in part his case. *Id.* He alleges he filed a habeas corpus action in this Court pursuant to 28 U.S.C. § 2255, and the action was dismissed on December 3, 2012. *Id.*

This Court takes judicial notice that on April 28, 2010, pursuant to a plea agreement Petitioner pled guilty to possession with the intent to distribute five (5) grams or more of methamphetamine. *See United States v. Guzman*, No. 6:09-CR-1068-HMH-3 (D.S.C. April 28, 2010), ECF No. 96, 100; *see also Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record.");

*Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"). This Court sentenced Petitioner to 108 months of imprisonment on September 14, 2010. *See* Opinion & Order, *United States v. Guzman*, No. 6:09-CR-1068-HMH (D.S.C. Dec. 3, 2012), ECF No. 220. On direct appeal, the Fourth Circuit Court of Appeals dismissed in part and affirmed in part, finding in part that Petitioner had waived his right to appeal pursuant to a waiver in the plea agreement. *Id.* On November 6, 2012, Petitioner filed a motion to vacate pursuant to 28 U.S.C. § 2255, and this Court summarily dismissed the § 2255 motion, and denied a certificate of appealability. *Id.* Petitioner sought to appeal this Court's order denying relief on his § 2255 motion. *See* Opinion, *United States v. Guzman*, No. 6:09-CR-1068-HMH (4th Cir. May 23, 2013), ECF No. 230. The United States Court of Appeals for the Fourth Circuit denied a certificate of appealability and dismissed the appeal. *Id.*

In the instant action, Petitioner alleges that the § 2255 savings clause permits him to bring this § 2241 action because on June 17, 2013, the United States Supreme Court decided *Alleyne v. United States*, 133 S. Ct. 2151 (2013), which held that any fact that increases the statutory mandatory minimum is an element that must be submitted to the jury and found beyond a reasonable doubt. [Doc. 1]. He seems to allege that because *Alleyne* apparently is not a new rule of constitutional law, but is a statutory issue, he most likely cannot bring a second § 2255 action but must file a § 2241 action. *Id.* Further, he alleges actual innocence. *Id.* Specifically, Petitioner alleges the following grounds for habeas relief: (1) the new Supreme Court *Alleyne* decision should be applied retroactively to his case

2

"because he was enhanced in violation of the law;" (2) his plea agreement should be voided in light of *Alleyne*; (3) "the scope of the indictment goes to the existence of the trial court's jurisdiction;" and (4) "he is actually innocent of all judicially found facts." *Id.*

Petitioner briefed each issue, and this Court has attempted to understand his arguments and describe the crux of the Petition herein. Petitioner alleges that *Alleyne* is a new rule of substantive law that decriminalizes a class of conduct and that it is retroactively applicable to certain cases on collateral review. *Id.* He alleges that he pled guilty asserting that 28.3 grams of methamphetamine should be attributed to him as opposed to "76.9 and 14.1 grams of powder cocaine." *Id.* He asserts that *Alleyne* "clearly imposed a new obligation of the government to prove certain facts to a jury beyond a reasonable doubt" when prior to *Alleyne* "it need only prove such facts to a judge by a preponderance of the evidence." *Id.* Further, he argues that *Alleyne* should be grounds to void his plea agreement and that he is actually innocent of his conviction because the judge found the facts instead of a jury. *Id.*

This Court takes judicial notice that Petitioner's counsel argued for him to be accountable for 28.3 grams of methamphetamine, but the Court at the sentencing held him accountable for 76.9 grams of methamphetamine and 14.1 grams of cocaine based on Petitioner's relevant conduct. *See* Opinion & Order, *United States v. Guzman*, No. 6:09-CR-1068-HMH (D.S.C. Dec. 3, 2012), ECF No. 220. Further, the statutory section that Petitioner pled guilty to violating contained the term of imprisonment of not less than five years and not more than forty years. *Id.* In the order dismissing the § 2255 Petition, this

Court explained that the 108-month sentence was well within the statutorily proscribed range and the guideline range contained in the Presentence Investigation Report. *Id.*

## Standard of Review

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) DSC, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the district court. This Court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2012); *see also* Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (2012) (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). As a *pro se* litigant, Petitioner's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (per curiam). However, even under this less stringent standard, the Petition in this case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Discussion

Petitioner's § 2241 Petition should be dismissed because the savings clause contained in § 2255 does not permit him to bring this action. Generally, a § 2241 habeas petition "'attacks the execution of a sentence rather than its validity,' whereas a § 2255

4

motion 'attacks the legality of detention.'" *Brown v. Rivera*, No. 9:08-CV-3177-PMD-BM, 2009 WL 960212, at *2 (D.S.C. April 7, 2009) (citation omitted). Petitioner alleges that he is attacking the validity of his conviction and sentence, and this type of claim should usually be brought under § 2255 in the sentencing court. *Rice v. Rivera,* 617 F.3d 802 (4th Cir. 2010). Section 2255 does contain a savings clause which permits a district court to consider a § 2241 petition challenging the validity of a petitioner's detention when a § 2255 petition is inadequate or ineffective to test the legality of his detention. *Id.* The Fourth Circuit Court of Appeals held that "§ 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision. A contrary rule would effectively nullify the gatekeeping provisions." *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) (citations omitted). Nonetheless, the Court concluded, "[T]here must exist some circumstance in which resort to § 2241 would be permissible; otherwise, the savings clause itself would be meaningless." *Id.* In one scenario the Fourth Circuit has deemed "§ 2255 inadequate and ineffective to test the legality of a conviction":

> [W]hen: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*Jones*, 226 F.3d at 333-34. Notably, the savings clause is not satisfied merely because a petitioner's prior § 2255 motion was unsuccessful or because a petitioner is unable to meet the requirements to file a successive § 2255 motion. *Chisholm v. Pettiford*, No. 6:06-2032-PMD-WMC, 2006 WL 2707320, *2 (D.S.C. Sept. 18, 2006).

5

In this case, Petitioner asserts that the savings clause permits him to bring his claims within the § 2241 Petition. However, this Court disagrees. Petitioner does not plausibly allege that the substantive law changed such that the conduct of which Petitioner was convicted is now deemed not to be criminal. Although he argues that he should have only been accountable for 28.3 grams of methamphetamine as opposed to 76.9 of methamphetamine and 14.1 grams of powder cocaine, his conduct was criminal then and still is now. Further, because he pled guilty to a statutory section that contained the term of imprisonment of not less than five years and not more than forty years and his sentence fell within that range, *Alleyne* is not applicable to his case. Petitioner's statutory mandatory minimum sentence was not increased by a fact found by the judge. The judge determined his sentencing guideline range, and the Fourth Circuit Court of Appeals has noted that *Alleyne* is not relevant to an advisory Guideline enhancement dispute. *See United States v. Anderson*, No. 12-4433, 2013 WL 3455791, at *8 n.1 (4th Cir. July 10, 2013). Moreover, it appears that *Alleyne* was not made retroactive to cases on collateral review. *See Smith v. Fed. Bureau of Prisons*, C/A No. 9:13-384-RMG, 2013 WL 3833050, at *4 n.2 (D.S.C. July 23, 2013). Thus, the *In re Jones* savings clause test does not seem applicable to Petitioner's case. Additionally, if the crux of this action is construed such that Petitioner is attacking his sentence, the reach of the savings clause has not been extended to prisoners who challenge only their sentences. *See United States v. Poole*, 531 F.3d 263, 267, n.7 (4th Cir. 2008); *Giuliano v. Warden*, C/A No. 6:13-311-MBS-KFM, 2013 WL 2470962, *2 (D.S.C. June 7, 2013).

Recommendation

Accordingly, it is recommended that the § 2241 Petition be dismissed without prejudice and without requiring the Respondent to file an answer or return. **Petitioner's attention is directed to the important notice on the next page.**

s/ Jacquelyn D. Austin<br>
United States Magistrate Judge

October 1, 2013
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).