IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Angel Abel Guzman, | ) | |
| | ) | C.A. No. 8:13-2200-HMH-JDA |
| Petitioner, | ) | |
| | ) | **OPINION & ORDER** |
| vs. | ) | |
| | ) | |
| Warden Steve Mora, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Jacquelyn D. Austin, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[1]  Angel Abel Guzman ("Guzman"), a federal prisoner, filed a petition seeking habeas corpus relief pursuant to 28 U.S.C. § 2241.  Magistrate Judge Austin recommends dismissing the petition without prejudice and without requiring the Respondent to file an answer.  Guzman filed objections on October 11, 2013.[2]

**I. FACTUAL AND PROCEDURAL HISTORY**

On April 28, 2010, Guzman pled guilty to possession with the intent to distribute five (5) grams or more of methamphetamine, and to aiding and abetting others in the commission of the offense.  On September 14, 2010, the court sentenced Guzman to 108 months' imprisonment.

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court.  See Mathews v. Weber, 423 U.S. 261, 270 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1) (2006).

[2] Houston v. Lack, 487 U.S. 266 (1988).

1

Guzman appealed his conviction and sentence on September 17, 2010. On December 8, 2011, the United States Court of Appeals for the Fourth Circuit dismissed in part and affirmed in part Guzman's appeal, finding in part that he waived his right to appeal pursuant to a waiver in his plea agreement. United States v. Guzman, No. 10-5015, 2011 WL 6091768, at *2-3 (4th Cir. Dec. 8, 2011) (unpublished). Guzman filed a 28 U.S.C. § 2255 motion on November 6, 2012.[3] In his § 2255 motion, Guzman alleged ineffective assistance of trial and appellate counsel and breach of his plea agreement by the Government. The court dismissed Guzman's § 2255 motion on December 3, 2012. (6:09-1068, December 3, 2012 Order, ECF No. 220.)

Guzman filed the instant petition pursuant to § 2241 on August 12, 2013. The magistrate judge recommends dismissing Guzman's petition on the ground that he has failed to show that § 2255 was inadequate or ineffective to test the legality of his detention, such that he could proceed under § 2241. (Report & Recommendation, generally, ECF No. 13.) Further, the magistrate judge recommends finding that Guzman's argument that he was sentenced in violation of the recent Supreme Court's decision in Alleyne v. United States, 133 S. Ct. 2151 (2013), which held that any fact that increases the statutory mandatory minimum is an element that must be submitted to the jury and found beyond a reasonable doubt, is without merit. (Id.)

## II. DISCUSSION OF THE LAW

Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the

---

[3] See Houston v. Lack, 487 U.S. 266 (1988).

2

Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that many of Guzman's objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely restate his claims. However, the court was able to glean two specific objections. First, Guzman objects to the magistrate judge's Report and Recommendation that he cannot proceed pursuant to § 2241. (Guzman Obj. 2-3, ECF No. 17.) Habeas relief pursuant to § 2241 is available only if a § 2255 motion is inadequate or ineffective to test the legality of detention. See In re Jones, 226 F.3d 328, 333 (4th Cir. 2000) (citing 28 U.S.C. § 2255). "It is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective." Charles v. Chandler, 180 F.3d 753, 756 (6th Cir. 1999). Guzman is attacking his conviction and sentence. The Fourth Circuit has found § 2255 inadequate and ineffective, such that a habeas petitioner may proceed under § 2241, in only one scenario, when

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Jones, 226 F.3d at 333-34. Guzman has not shown that he satisfies this test. As the magistrate judge noted, the conduct to which Guzman pled guilty remains criminal today. Accordingly, Guzman may not proceed under § 2241.

Second, Guzman objects to Magistrate Judge Austin's finding that Alleyne does not apply in this case. (Guzman Obj. 4-5, ECF No. 17.) Guzman contends that he should have only been held accountable for 28.3 grams of methamphetamines. Pursuant to 21 U.S.C. § 841(b)(1)(B), the statutory section that Guzman pled guilty to violating, the term for imprisonment is not less than five (5) years and not more than forty (40) years. The court sentenced Guzman to 108 months' imprisonment, well within the statutorily proscribed range and the guideline range in his Presentence Investigation Report ("PSR"). Guzman's guideline range provided in his PSR was based on a total offense level that attributed a quantity of methamphetamine (76.9 grams) and cocaine (14.1 grams) to him based on Guzman's relevant conduct. (PSR ¶ 26.) The court is required to consider relevant conduct in calculating a defendant's base offense level including drug amounts proven attributable to the defendant by a preponderance of the evidence. Witte v. United States, 515 U.S. 389, 411 (1995) ("Under the Guidelines, the severity of a drug offense is measured by the total quantity of drugs under all offenses that constitute 'relevant conduct,' regardless of whether those offenses were charged and proved at the guilt phase of the trial or instead proved at the sentencing hearing.").

> The Sentencing Guidelines require a sentencing court to consider relevant conduct in calculating a defendant's advisory Guidelines range, including "all acts and omissions . . . that were part of the same course of conduct or common scheme or plan as the offense of conviction." U.S. Sentencing Guidelines Manual ("USSG") § 1B1.3(a)(2) (2011); United States v. Hayes, 322 F.3d 792, 802 (4th Cir. 2003) (noting that a "court has no discretion to disregard relevant conduct" when calculating offense level). The sentencing court is not "bound by the evidence presented at trial when determining drug quantity or other relevant conduct," United States v. Young, 609 F.3d 348, 357 (4th Cir. 2010), and may "consider acquitted conduct in establishing drug amounts for the purpose of sentencing, so long as the amounts are established by a preponderance of the evidence." United States v. Perry, 560 F.3d 246, 258 (4th Cir. 2009).

4

United States v. Galloway, No. 12-4222, 2012 WL 5693224, at *1 (4th Cir. Nov. 16, 2012) (unpublished). Alleyne considered the application of mandatory minimum sentences and did not consider an advisory guideline enhancement dispute. United States v. Anderson, No. 12-4433, 2013 WL 3455791, at *6 n.1 (4th Cir. July 10, 2013) (unpublished). Guzman's mandatory minimum sentence was not increased based on a fact found by the court. In addition, "the Supreme Court has not held that Alleyne is retroactive to cases under collateral review . . . ." Parker v. United States, Civil Case No. 2:13-cv-00010-MR, Criminal Case No. 2:06-cr-00002-MR-1, 2013 WL 4442038, at *2 n.3 (W.D.N.C. Aug. 16, 2013) (unpublished); Ward v. United States, Civil No. 1:13-cv-00214-MR, Criminal No. 1:02-cr-00063-MR-1, 2013 WL 4079267, at *2 (W.D.N.C. Aug.13, 2013) (finding that petitioner's motion was untimely and § 2255(f)(3) did not apply because the Supreme Court has not found that Alleyne is retroactive to cases on collateral review).

Moreover, Guzman cannot meet either of the two provisions for filing a second or successive motion under § 2255; thus, construing the instant motion as a motion brought under § 2255 would be fruitless. 28 U.S.C. § 2255(h). Therefore, Guzman's objections are without merit, and the court adopts the magistrate judge's Report and Recommendation.

It is therefore

**ORDERED** that Guzman's § 2241 petition, docket number 1, is dismissed without prejudice and without requiring the Respondent to file an answer or return.

**IT IS SO ORDERED**.

                                           s/Henry M. Herlong, Jr.
                                           Senior United States District Judge

Greenville, South Carolina
November 13, 2013

### NOTICE OF RIGHT TO APPEAL

The Petitioner is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.